UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| OPTIMISTIC INVESTMENTS, LLC, | ) |
| JOSHUA TISCHER, and | ) |
| KANGAROO MANUFACTURING INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL BY**
**DEFENDANT OPTIMISTIC INVESTMENTS, LLC**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Optimistic Investments, LLC ("Optimistic") hereby removes this action from the Superior Court for the Commonwealth of Massachusetts, Bristol County, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, Optimistic, through its undersigned counsel, states as follows:

**BACKGROUND**

1. On or about August 24, 2021, Plaintiff Benjamin Joseph Ligeri ("Ligeri" or "Plaintiff") commenced this action against Optimistic, Joshua Tischer ("Tischer"), and Kangaroo Manufacturing, Inc. ("Kangaroo") in the Superior Court of the Commonwealth of Massachusetts, Bristol County. The action is currently pending in that court. Copies of the Civil Action Cover Sheet and Complaint are attached hereto as Exhibits A and B, respectively.

2. On September 17, 2021, Plaintiff served Optimistic with the Summons and

Complaint in this action. No other process, pleading, or order has been served on Optimistic in this action in the Superior Court. Declaration of Joshua Tischer, ¶ 3. A copy of the Tischer Declaration is attached hereto as <u>Exhibit C.</u>

3. Plaintiff has not served Tischer with the Summons and Complaint. *Id.*, ¶ 6.

4. Fewer than thirty days have elapsed since this action became removable to this Court.

5. This action is removable to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and because this Court encompasses the district and division where the action currently is pending.

6. Removal is appropriate because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. According to the Complaint, Plaintiff is a citizen of the Commonwealth of Massachusetts. Exhibit B, ¶ 1.

8. Defendant Optimistic is a Delaware limited liability company, with its principal place of business at 2261 W. Jacinto Circle, Mesa, Arizona. Tischer, the sole member of Optimistic, is a resident and citizen of the State of Arizona. Exhibit C, ¶¶ 2, 4. Accordingly, Optimistic is not a citizen of the Commonwealth of Massachusetts. *See DB Zwirn Special Opportunities Fund v. Mehrotra*, 661 F. 3d 124, 125 (1st Circuit 2011) ("the citizenship of a limited liability company 'is determined by the citizenship of all of its members'") (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir.2006)).

9. As noted, Defendant Tischer is a citizen of the State of Arizona, and, therefore, is

not a citizen of the Commonwealth of Massachusetts.

10. Tischer has consented to the removal of this action to the United States District Court for the District of Massachusetts. Exhibit C, ¶ 6.

11. According to the Complaint, Defendant Kangaroo Manufacturing, Inc. ("Kangaroo") "is a corporation organized under the laws of the State of Florida with its principal place of business at 7350 S. Kyrene, Suite 104, Tempe, Arizona." Exhibit B, ¶ 4. According to records available on the website of the Florida Secretary of State, on March 20, 2019, Kangaroo filed a Notice of Dissolution, a copy of which is attached hereto as Exhibit D, identifying Kangaroo's mailing address as the same Arizona address for Kangaroo listed in the Complaint.

12. On information and belief, Kangaroo has been served with the Summons and Complaint in this action. On October 6, 2021, Plaintiff's counsel informed Optimistic's counsel, by email, that he had "heard from Kangaroo last night.  Kangaroo agrees to removal." Declaration of J. Mark Dickison, ¶¶3-5.  The Declaration of J. Mark Dickison, to which a copy of the October 6, 2021 email is attached, is attached hereto as Exhibit E.

13. Based on the foregoing, for purposes of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties to this action.

14. The amount in controversy requirement for diversity jurisdiction is satisfied here, as well, because there is a "reasonable probability" the amount in controversy is in excess of $75,000. *See Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D.Mass. 2014) (removing defendants must show a "reasonable probability" that the amount of controversy exceeds $75,000).

15. At issue in this case is the ownership of certain trademark registrations, universal product codes, a domain name, and associated goodwill, referred to in the Complaint as the "Kangaroo Assets."  Exhibit B, ¶ 6.  In an Assignment and Reseller Agreement dated May 30,

2019, Kangaroo assigned the "Kangaroo Assets" to Optimistic in exchange for (a) forgiveness of a debt of $135,000, plus interest, (b) a covenant that permitted Kangaroo to purchase products from Optimistic and to resell those products, and (c) a license permitting Kangaroo to use the marks Kangaroo assigned to Optimistic in connection with the marketing and sale of the products it purchases from Optimistic. Exhibit C, ¶ 7. Based on the consideration Optimistic exchanged for the "Kangaroo Assets," the amount in controversy in this case significantly exceeds $75,000.

16.     Moreover, Plaintiff's damages claim is well in excess of $75,000. "[U]nless the law provides otherwise, the plaintiff's damages claim will control the amount in controversy for jurisdictional purposes if it is made 'in good faith.'" *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F. 3d 1, 6 (1st Cir. 1995). Plaintiff's Complaint does not specify his purported damages. However, Plaintiff's civil action cover sheet claims damages in excess of one million dollars. *See* Exhibit A. While a civil action cover sheet is not definitive, it is evidence of the amount in controversy. *See, e.g., Purohit v. Nissan North America, Inc.,* No. No. 20-10341, 2020 WL 9745725, * 2 (D.Mass. Apr. 8, 2020) (amount in controversy requirement satisfied where the notice of removal alleged the amount in controversy was at least $822,000, plaintiffs did not contest that allegation, and the allegation was supported by the only evidence in the record, namely the civil cover sheet).

17.     Although Optimistic expressly denies any liability to Plaintiff, because Plaintiff is a citizen of Massachusetts and the three defendants are not, and the amount in controversy exceeds $75,000, jurisdiction exists under 28 U.S.C. § 1332.

18.     Venue also is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in Bristol County, where this action was filed and has been pending prior to removal, lies within this federal District.

19.     Defendant Optimistic will promptly file with the Superior Court a notice of the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached hereto as <u>Exhibit F</u>.

20.     Defendant Optimistic has provided Plaintiff's counsel with written notice of this filing in accordance with 28 U.S.C. § 1446(d).

21.     By filing a Notice of Removal in this matter, Defendant Optimistic does not waive its right to assert any and all defenses and/or objections in this case.

WHEREFORE, Defendant Optimistic hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Bristol County, to this Court, and this Court now has jurisdiction over further proceedings.

Dated: October 12, 2021

Respectfully submitted,

OPTIMISTIC INVESTMENTS, LLC,

By its attorneys,

/s/ J. Mark Dickison_____
J. Mark Dickison (BBO# 629170)
mdickison@lawson-weitzen.com
John R. Bauer (BBO#  630742)
jbauer@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Telephone: (617) 439-4990

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants by first class mail on October 12, 2021.

/s/ J. Mark Dickison
J. Mark Dickison