UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BENJAMIN JOSEPH LIGERI | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 21-11654-LTS |
| OPTIMISTIC INVESTMENTS, LLC et al. | ) ) ) | |
| Defendants. | ) ) | |
| OPTIMISTIC INVESTMENTS, LLC et al. | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| BENJAMIN JOSEPH LIGERI et al. | ) ) | |
| Counterclaim Defendants. | ) ) | |

ORDER ON PENDING MOTIONS (DOC. NOS. 84, 87, 92, 97, 101, 109)

March 9, 2022

SOROKIN, J.

There are several pending Motions in this case, which the Court addresses in turn.[1]

I.   MOTION FOR BOND (DOC. NO. 84)

Counterclaim Defendant Benjamin Ligeri ("Ligeri") moves to require the Counterclaim Plaintiffs to post a bond in support of the preliminary injunction the Court previously entered. Doc. Nos. 36, 84. This Motion is DENIED. "There is ample authority for the proposition that

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

the provisions of [Federal Rule of Civil Procedure] 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond." Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc., 925 F.2d 6, 9 (1st Cir. 1991).  Here, the Court declines to require a bond at this stage.  Ligeri, who was then represented by counsel, neither opposed the preliminary injunction nor requested a bond at that time.  Ligeri fails to identify a changed circumstance warranting a bond.

   II.     MOTION TO AMEND COMPLAINT (DOC. NO. 87)

   Ligeri seeks leave to amend his complaint.  Doc. No. 87.  The Motion is DENIED as to Counts I to V.  These counts are predicated on a purported transfer of the trademark rights to Ligeri predating the assignment of these same rights to Counterclaim Plaintiffs.  Ligeri previously conceded in open Court that the assignment upon which he relies is "wrong" and not "the right one."  Doc. No. 116 at 38:15-24.  In addition, the detailed and specific information amassed by Counterclaim Plaintiffs and submitted by them at pages 3 to 8 of their opposition, Doc. No. 95, establishes that Ligeri's claims are not plausible and are, at least, bordering on an effort to commit a fraud on the Court.

   The Motion to Amend is DENIED as to Counts VI to XIV as these claims are futile.  There is no abuse of process claim (Count VI), at least against Counterclaim Plaintiffs, stated here.  See Children's Hosp. Corp. v. Cakir, 183 F. Supp. 3d 242, 249 (D. Mass. 2016) (reciting the elements of abuse of process).  Statements of counsel during the litigation are privileged and thus the libel claim (Count VII) fails.  See Sriberg v. Raymond, 345 N.E.2d 882, 883 (Mass. 1976).  The asserted Sherman Act claim (Count VIII) is frivolous.  There is no plausible basis for asserting a monopoly power by Counterclaim Plaintiffs.  Counts IX to XIII fail because Ligeri has not plausibly alleged or otherwise established that he is the successor-in-interest under the

Assignment and Reseller Agreement and the Settlement Agreement and General Release relied upon by Counterclaim Plaintiffs.  Finally, Ligeri has not plausibly stated claims against Tischer.

    III.      <u>MOTION TO COMPEL CLOUDFARE, INC. (DOC. NO 92)</u>

The Motion to Compel (Doc. No. 92) is ALLOWED over the objection of Ligeri (Doc. No. 99).  Cloudflare shall (1) produce the requested documents within 20 days of this Order; (2) appear for its deposition; and (3) reimburse Counterclaim Plaintiffs for the reasonable costs and attorneys' fees incurred in pursuing this motion.[2]

    IV.      <u>MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 97)</u>

Ligeri moves for judgment on the pleadings.  Doc. No. 97.  This Motion is DENIED.  Count I of the Counterclaim Plaintiffs' counterclaims contain typographical errors referencing Title 18 instead of Title 28, however, such errors do not provide a basis for judgment in Ligeri's favor under the familiar Federal Rule of Civil Procedure 12(c) standard.  <u>See</u> <u>Perez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008).  Counterclaim Plaintiffs' Count VI sufficiently alleges conduct touching the Commonwealth or occurring therein and thus precludes judgment in Ligeri's favor this stage.  Finally, Counterclaim Plaintiffs' Count VII alleges that Ligeri is a resident of Massachusetts, something Ligeri also alleged in his complaint (Doc. No. 1-2 ¶ 1).  These allegations give rise to a reasonable inference that the allegedly unfair conduct occurred in the Commonwealth, which, at this stage of the proceedings, suffices to overcome Ligeri's contention that he is entitled to judgment in his favor on M.G.L. ch. 93A's "primarily and substantially" requirement.

---

[2] Whether Counterclaim Plaintiffs must seek further relief from the United States District Court for the Northern District of California, which is the district court encompassing Cloudflare's office listed on the subpoena, is a matter the Court leaves to Counterclaim Plaintiffs' counsel.  <u>See</u> Fed. R. Civ. P. 45(c).  This Court plainly has authority to address the discoverability of the information in the context of the case and to address the objections raised by Ligeri.

V.     <u>MOTION TO COMPEL JASON KHOURY AND VERIFIED FINANCIALS, LLC (DOC. NO. 101)</u>

This Motion is ALLOWED. Khoury and Verified Financials shall produce the requested discovery within twenty days.[3]

VI.     <u>MOTION FOR PROTECTIVE ORDER (DOC. NO. 109)</u>

This Motion is DENIED. Federal Rule of Evidence 408 is inapplicable to the filings made to date and there is no other basis for the relief sought.

VII.     <u>OTHER PENDING MOTIONS AND ISSUES</u>

Two other motions remain pending. The Motion for Contempt (Doc. No. 52) remains pending subject to supplementation by the parties after further discovery. <u>See</u> Doc. Nos. 120, 121. Ligeri's Motion for a Preliminary Injunction (Doc. No. 110) also remains under advisement as the Court reviews the filings related to this Motion.

In addition, Counterclaim Plaintiffs, in various of their filings, request the Court to sanction Ligeri for vexatious litigation, require him to reimburse them for their fees in responding to his motions, and require that he obtain the Court's permission before filing new motions. These requests remain under advisement.

In light of the Court's review of the filings made by Ligeri to date in his pro se capacity, the Court further Orders that no response is required by the Counterclaim Plaintiffs to any filings made by Ligeri unless specifically directed by the Court.

---

[3] The Court notes that Khoury resides in the District of Rhode Island. <u>See</u> <u>supra</u> note 2.

## VIII. CONCLUSION

For the reasons stated herein, Ligeri's Motion for Bond (Doc. No. 84), Motion to Amend the Complaint (Doc. No. 87), Motion for Judgment on the Pleadings (Doc. No. 97), and Motion for a Protective Order (Doc. No. 109) are DENIED. The Counterclaim Plaintiffs' Motions to Compel (Doc. Nos. 92, 101) are ALLOWED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge