```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI,<br><br>    Plaintiff,<br><br>v.<br><br>OPTIMISTIC INVESTMENTS, LLC,<br>JOSHUA TISCHER, and KANGAROO<br>MANUFACTURING INC.,<br><br>    Defendants. | |
| | No. 21-cv-11654-LTS |
| OPTIMISTIC INVESTMENTS, LLC<br>and MICHAEL MURPHY,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>BENJAMIN JOSEPH LIGERI, CENTRAL<br>CONCEPTS, INC., and WHOLLY<br>WHOLESALE, LLC,<br><br>    Counterclaim Defendants. | |

## REPORT AND RECOMMENDATION

CABELL, U.S.M.J.

## I.   RELEVANT BACKGROUND

This wide-ranging litigation, removed to this court in 2021 from Bristol County Superior Court, was brought by plaintiff Benjamin Ligeri ("Ligeri") against various defendants and concerns the ownership and alleged infringement of certain trademarks

originally belonging to Kangaroo Manufacturing, Inc.  In time, Ligeri resolved his claims against the defendants and the only remaining claims consisted of counterclaims asserted by defendants Optimistic Investments, LLC ("Optimistic") and Michael Murphy ("Murphy") against a counterclaim defendant, Wholly Wholesale, LLC ("WW"), (Dkt. No. 7; Dkt. No. 94), and claims asserted by WW against Optimistic.  (Dkt. No. 135); see (Dkt. No. 193; Dkt. No. 198).

In July 2022 (after Ligeri and the defendants had settled their disputes), counsel for WW moved to withdraw due in part to WW's failure to pay its legal fees.  (Dkt. No. 195).  Optimistic and Murphy subsequently filed a motion to compel WW to respond to propounded discovery requests.  (Dkt. No. 196).  This court scheduled a status conference for November 2, 2022, and in its notice ordered that a corporate representative of WW appear at the conference.  (Dkt. No. 197).

The status conference went forward as scheduled on November 2.  Counsel was present for all remaining parties, including WW, but no corporate representative of WW appeared.  Counsel for WW confirmed that he had communicated the court's order to appear to his client (WW).  The court allowed Optimistic and Murphy's motion to compel and allowed the motion by WW's counsel to withdraw.  (Dkt. No. 198; Dkt. No. 200).  The court scheduled a further status conference for December 12, 2022, and once again ordered that a

representative of WW appear.  The court warned that a failure to appear would be construed as signaling WW's abandonment of the case.  (Dkt. No. 198).  WW's then-withdrawn counsel confirmed that he would communicate the significant points of the conference, including the court's order to appear, to WW.

Despite the court's order, no one appeared on WW's behalf at the December 2 status conference.  (Dkt. No. 199).  Counsel for Optimistic and Murphy expressed a desire to confer with his clients to determine next steps, namely whether they wished to pursue a default against WW or simply have the case dismissed.  The court set a further status conference for January 11, 2023, for that purpose.  (*Id.*).

At the January 11 conference, where WW again did not appear, counsel for Optimistic and Murphy reported that they did not seek a default and wished to dismiss their claims against WW without prejudice.[1]  (Dkt. No. 201).  This court suggested, and counsel agreed, that WW's claims against Optimistic should also be dismissed without prejudice, for failure to prosecute.  (*Id.*).

**II.  VOLUNTARY DISMISSAL OF OPTIMISTIC'S AND MURPHY'S CLAIMS**

Federal Rule of Civil Procedure 41 governs dismissals.  A plaintiff (including a counterclaim plaintiff) may voluntarily dismiss its own claims.  Fed. R. Civ. P. 41(a), (c).  However,

---

[1] This decision was reportedly based at least in part on Optimistic and Murphy's belief that WW had gone out of business.

3

when, as here, the opposing party has served a responsive pleading and does not stipulate to the dismissal, the plaintiff must request a court order. Fed. R. Civ. P. 41(a)(2); *see* Fed. R. Civ. P. 41(a)(1)(A), (c)(1). The court may grant the request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless the order states otherwise. *Id.*

Optimistic and Murphy are effectively unable to continue this litigation because WW is no longer participating. Notably, there is reason to believe that WW is out of business and essentially judgment-proof. Rather than spending further time and money to pursue a default judgment on which they may never be able to collect, Optimistic and Murphy have instead requested that their claims be dismissed without prejudice. Under the circumstances, this request is wholly reasonable.

**III. DISMISSAL OF WW'S CLAIMS FOR FAILURE TO PROSECUTE**

"The authority of a federal trial court to dismiss a plaintiff's action . . . because of [its] failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."). Such a dismissal is usually with prejudice unless stated otherwise. Fed. R. Civ. P. 41(b) ("Unless the dismissal order

states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."). The First Circuit "has often recognized [that] the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (collecting cases). Because dismissal with prejudice is a harsh sanction, it is most "appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" *Id.* (quoting *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)). "Where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id.*; *see also Corujo v. Eurobank*, 299 F. App'x 1, 1 (1st Cir. 2008) (per curiam) (finding that district court has discretion to order dismissal for want of prosecution without prejudice even when a dismissal with prejudice would be appropriate).

There is no question that WW has failed to prosecute its claim against Optimistic for some time, as evidenced by its counsel's motion to withdraw, (Dkt. No. 195), the motion to compel WW to provide discovery, (Dkt. No. 196), and WW's repeated failures to attend status conferences despite being ordered to do so. Ignoring these court orders, particularly after being warned that a failure to appear would be construed as an abandonment of the case, could

well warrant a dismissal with prejudice.  *See Pomales*, 342 F.3d at 48.  However, bearing in mind that dismissal with prejudice is a severe sanction, and with assent from Optimistic, this court recommends that WW's claim against Optimistic be dismissed without prejudice.[2]

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is now time to bring this case to a close.  To effect that result, the court recommends that Optimistic and Murphy's claims against WW be dismissed without prejudice (and with their assent).  The court further recommends that WW's claims against Optimistic be dismissed without prejudice for failure to prosecute.[3]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 25, 2023

---

[2] If WW has indeed gone out of business, there may be little practical difference between a dismissal without prejudice and a dismissal with prejudice.

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).